UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAYMOND RUSSELL, JR.,

              Plaintiff,

        -v-

THE STATE OF NEW YORK DEPARTMENT OF
CORRECTION & COMMUNITY SUPERVISION,

              Defendants.
-------------------------------------------------------------------X

No. 18 Civ. 8543 (VSB)

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law,

IT IS HEREBY STIPULATED AND AGREED that:

1.     The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.     Defendant may designate as "Confidential" documents produced which they reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contains information that is confidential under state or federal law.

3.     Defendant may further designate as "Attorneys' Eyes Only" documents in the following categories:

     a.     Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings,

performance evaluations, and counselings;

b.        Defendant's training materials for parole officers, senior parole officers and bureau chiefs that refer to or concern correctional or institutional safety, security, or good order;

c.        Parolee reports, including but not limited to chronology reports that contain impressions, opinions and/or conclusions of DOCCS staff, or confidential statements or information from victims or witnesses;

d.        Any information of a personal or intimate nature regarding any individual.

4.        All transcripts of depositions taken in this Action will be treated as Attorneys Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Attorneys Eyes Only or Confidential any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraphs 2 or 3 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Attorneys Eyes Only or Confidential.

5.        An inadvertent failure to designate Confidential or Attorneys' Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

6.        To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 or 3 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order,

but such documents and information shall be treated hereafter as Confidential or Attorneys' Eyes Only material.

7.   Confidential and Attorneys' Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

8.   Access to Attorneys' Eyes Only material shall be limited to:

a.   Attorneys for Plaintiff;

b.   Attorneys for Defendants;

c.   Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

d.   The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

e.   Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

f.   Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

g.   The Court.

9.   Access to Confidential material is similarly restricted to the individuals set forth in paragraph 8, **except that** Plaintiff, Raymond Russell, Jr., may review material designated as

Confidential in the presence of his attorney(s), but shall not be allowed to retain a copy of any document designated as Confidential.

10. Confidential or Attorneys' Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential or Attorneys' Eyes Only material or that contain Confidential or Attorneys' Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

11. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorneys' Eyes Only material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, including the Plaintiff.

12. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, except the Plaintiff.

13. No person receiving Confidential or Attorneys' Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

14.     If a party objects to the designation of any document as Confidential or Attorneys' Eyes Only material, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Attorneys' Eyes Only material within 30 days of the objecting party's receipt of the Confidential or Attorneys' Eyes Only material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential or Attorneys' Eyes Only material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

15.     The Confidential or Attorneys' Eyes Only material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of the confidential information.

16.     All pleadings, motions, briefs, memoranda and related submissions must be publicly filed. Confidential Material quoted in such filings shall be redacted in the version of the filing available to the public on the Court's ECF system, with unredacted versions filed pursuant to the Rules of the Southern District of New York. Confidential Material attached as an exhibit to any filing shall be filed under seal unless otherwise ordered by the Court. However, nothing herein shall limit a Party's ability to refer to or describe the contents of Confidential Material in any court hearing, evidentiary proceeding, deposition, or trial, so long as it done in accordance with the provisions of this Order.

17.     Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed

material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

18. Confidential or Attorneys' Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

19. Within thirty (30) days of the conclusion of this Action, Plaintiff's counsel shall either return to Defendants' counsel all Confidential or Attorneys' Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Attorneys' Eyes Only material, in whole or in part, and any copies made therefrom or shall notify Defendant's counsel in writing that all such Confidential or Attorneys' Eyes Only material has been destroyed.

20. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraphs 2 and 3 herein.

Dated: New York, New York

January 29, 2020

**EISENBERG AND BAUM LLP**
Attorney for Plaintiff

By: _____
Andrew Rozynski
David John Hommel
24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700

**LETITIA JAMES**
Attorney General, State of New York
Attorney for Defendant

By: _____
Rebecca L. Johannesen
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8373

SO ORDERED:

The parties are directed to file an amended proposed order which binds the parties equally and gives both parties the same rights with regard to the exchange of confidential information.

_____
Vernon S. Broderick   2/4/2020
United States District Judge

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Russell v. DOCCS</u>, No. 18 Civ. 8543 (VSB), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER