```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
RAYMOND RUSSELL, JR.,                    :
                                         :
                       Plaintiff,        :       18cv8543 (DLC)
                                         :
              -v-                        :       MEMORANDUM OPINION
                                         :           AND ORDER
THE STATE OF NEW YORK DEPARTMENT OF      :
CORRECTIONS AND COMMUNITY SUPERVISION,   :
                                         :
                       Defendant.        :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiff:
David John Hommel, Jr.
Andrew Rozynski
Eisenberg & Baum, LLP
24 Union Square East
New York, NY 10003

For Defendant:
Jessica Michelle Acosta-PettyJohn
Rebecca Lynn Johannesen
Bradley Gordon Wilson
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005

DENISE COTE, District Judge:

    In an action filed on September 19, 2018, Raymond Russell, alleged that defendant New York State Department of Corrections and Community Supervision ("DOCCS") refused to provide American Sign Language ("ASL") interpreters to the plaintiff, who asserts that he is deaf, during the course of his parole from 2012 to

2017.  Absent an interpreter, Russell communicated with parole officers primarily through notes and gestures.

Following the close of discovery, Russell moved for summary judgment on March 15, 2021 on his claim that DOCCS failed to provide a means of effective communication in violation of § 504 of the Rehabilitation Act.  DOCCS cross-moved for summary judgment on March 15, 2021.[1]  DOCCS asserts that the plaintiff was not excluded from any benefits, programs, or services.  Further, DOCCS argues that plaintiff's need for an ASL interpreter was not clear.  For the following reasons, both motions for summary judgment are denied.

The parties do not dispute that § 504 of the Rehabilitation Act governs this action.  Section 504 of the Rehabilitation Act "prohibits a program or activity receiving federal funds from excluding or discriminating against persons based on disability."  Biondo v. Kaledia Health, 935 F.3d 68, 73 (2d Cir. 2019), cert. denied sub nom. Kaleida Health v. Biondo, 140 S. Ct. 956 (2020).  To establish a prima facie violation of § 504, the plaintiff must show that he

> (1) is a 'handicapped person' as defined by the RA;
> (2) is 'otherwise qualified' to participate in the offered activity or benefit; (3) was excluded from such participation solely by reason of [his] handicap; and (4) was denied participation in a program that receives federal funds.

---

[1] This action was reassigned to the Court on September 9, 2021.

Id. (citation omitted).

In analyzing whether a plaintiff was excluded from participating in a benefit by reason of his handicap, the Court of Appeals for the Second Circuit looks to whether the public entity "fail[ed] to provide meaningful access to its benefits, programs, or services." Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transportation Auth., 11 F.4th 55, 61 (2d Cir. 2021) (citation omitted). To provide meaningful access, "a public entity must make reasonable accommodations in its program or benefit." Id. (quoting Alexander v. Choate, 469 U.S. 287, 301 (1985)). "The reasonableness of an accommodation is a fact-specific question that often must be resolved by a factfinder." Id. at 62 (citation omitted). Under this scheme, "[a] defendant is entitled to summary judgment only if the undisputed record reveals that the plaintiff was accorded a plainly reasonable accommodation." Id. (citation omitted).

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).

Material facts are facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted). "[E]ven when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party. Rather, each party's motion must be examined on its own merits." Morales v. Quintel Ent., Inc., 249 F.3d 115, 121 (2d Cir. 2001) (citation omitted).

Here, the parties do not dispute that DOCCS is subject to the Rehabilitation Act or that Russell is an "otherwise qualified" individual with a disability. The parties dispute whether the plaintiff was excluded from participation in an offered activity or benefit. The contradictory evidence in the record presents material issues of fact that must be resolved by the jury at trial.

In support of the plaintiff's motion for summary judgment, the plaintiff provides deposition testimony to show that he is profoundly deaf. While Russell can lipread sometimes, he generally has a hard time understanding speech. Russell

4

requested a sign language interpreter when he first reported to parole in the Bronx but his parole officer responded that he did not need an interpreter.  When Russell was transferred to the Harlem parole office, he again asked a parole officer for a sign language interpreter and was denied that assistance.  Without a sign language interpreter, Russell represents that it was very hard for him to communicate effectively with his parole officers.  This evidence is sufficient to present a prima facie case that DOCCS violated § 504 of the Rehabilitation Act by failing to provide the plaintiff with a reasonable accommodation.

   The defendant, however, has presented evidence that Russell was able to communicate effectively with parole officers through notes and gestures.  The defendant provided a sworn affidavit from Parole Officer Karen Folgar.  Parole Officer Folgar explains that she knew the plaintiff was diagnosed with a hearing impairment, but was able to inquire about his new residences, relationships, and employment opportunities during their meetings.  The defendant also provided a sworn affidavit from another parole officer, Faith Cochran.  Parole Officer Cochran states that the plaintiff was able to communicate through gestures, such as nodding.  Parole Officer Cochran represents that she had no difficulty communicating with Russell during the period she supervised him.  The defendant also

provided evidence to show that Russell attended two programs, one for substance abuse and another for anger management, during his parole supervision. These facts are material to determining whether DOCCS violated the Rehabilitation Act and the parties' dispute must be resolved by the jury at trial.

## Conclusion

The parties' March 15, 2021 cross-motions for summary judgment are denied.

Dated:   New York, New York
         December 10, 2021

                                              _____
                                                    DENISE COTE
                                              United States District Judge